UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

UMB Bank, N.A.,                                    Opinion No. 2023 DNH 035 P
Appellant

     v.                                              Civil No. 23-cv-36-LM

The MacMillin Company, LLC,
et al., Appellees.

_____

The MacMillin Company, LLC,

     v.                                              Civil No. 23-cv-187-LM

UMB Bank, N.A.

## **O R D E R**

Appellant UMB Bank, N.A., appeals the bankruptcy court's order (doc. no.

588 in the bankruptcy proceeding, Case. No. 21-10523) granting appellee The

MacMillin Company's motion seeking a determination that its mechanics lien has

priority over UMB Bank's mortgage and that all amounts due to MacMillin are fully

secured.

MacMillin moves to dismiss UMB Bank's appeal for lack of jurisdiction.  Doc.

no. 3.[1]  MacMillin contends that UMB Bank's notice of appeal failed to comply with

Bankruptcy Rule 8003(a)(3), which requires that a notice of appeal "be accompanied

by the judgment, order, or decree, or the part of it, being appealed . . . ."  MacMillin

---

[1] Appellees Denron Plumbing & HVAC and Wallace Building Products
Corporation have also moved to join with MacMillin's arguments.  Doc. nos. 4, 10.

argues that, although the notice of appeal identified the order being appealed, UMB Bank nonetheless failed to attach a copy of it. MacMillin thus contends that UMB Bank never "perfected" its notice of appeal, so the court must dismiss this appeal, with prejudice, for lack of jurisdiction.

MacMillin's motion has proliferated. The day after MacMillin filed its motion to dismiss in this court, UMB Bank filed in the bankruptcy proceeding a motion to extend the time to file a notice of appeal under Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) and to file an amended notice of appeal (the "motion to cure"). If granted, UMB Bank's motion would cure the potential defect in the notice of appeal.

In response, MacMillin moved in the bankruptcy court to withdraw this court's referral of the case to the bankruptcy court as to UMB Bank's motion to cure. See 28 U.S.C. § 157(d) (permitting the court to withdraw its referral of bankruptcy cases to the bankruptcy judges for "cause shown"); LR 77.4 (referring all bankruptcy cases to the bankruptcy judges for this district). The bankruptcy court issued a report recommending that this court grant MacMillin's motion to withdraw the bankruptcy reference as to UMB Bank's motion to cure. UMB Bank objected. The bankruptcy court's report and recommendation was transmitted to this court and reassigned to this judge in the interest of judicial economy.

Thus, the following matters are now pending before this court: MacMillin's motion to dismiss UMB Bank's appeal (doc. no. 3, Case No. 23-36, as well as two other appellees' motions to join those arguments, doc. nos. 4 and 10); the

bankruptcy court's report and recommendation on MacMillin's motion to withdraw

the bankruptcy reference (doc. no. 1, Case No. 23-187); and, if the court grants the

motion to withdraw the reference, UMB Bank's motion to cure (doc. no. 598, Case

No. 21-10523).

The court finds that UMB Bank's failure to attach a copy of the challenged

order to its notice of appeal does not deprive this court of jurisdiction where the

notice of appeal was unambiguous about the order being appealed.  However, to

remove any doubt, the court finds that withdrawing the bankruptcy reference as to

UMB Bank's motion to cure is warranted as is granting UMB Bank's motion to

cure.

## BACKGROUND

The bankruptcy court issued the order (doc. no. 588 in Case No. 21-10523)

challenged in UMB Bank's appeal on January 6, 2023.  UMB Bank timely filed a

notice of appeal in the bankruptcy court on January 18.  UMB Bank properly filed

the notice of appeal using Official Form 417A.  On that form, UMB Bank identified

itself as the appellant and identified the subject of the appeal as the bankruptcy

court's January 6, 2023 order.  UMB Bank also paid the filing fee in full.  UMB

Bank, however, did not attach to its notice of appeal a copy of the bankruptcy

court's January 6, 2023 order.

The bankruptcy court transmitted the notice of appeal to this court the

following day.  However, the bankruptcy clerk of court, apparently noticing UMB

Bank's oversight, attached a copy of the challenged order to the notice of appeal

when transmitting it to this court.  As a result, the notice of appeal as it appears on this court's docket (doc. no. 1, Case No. 23-36) is accompanied by a copy of the challenged order.

On January 26, MacMillin moved in this court to dismiss this appeal, arguing that UMB Bank's notice of appeal was defective because it was not accompanied by the challenged order.  The next day, January 27, UMB Bank moved in the bankruptcy court for permission to file an amended notice of appeal which would cure the supposed defect and to extend the time to file a notice of appeal under Rule 8002(d)(1) (as the time to file a notice of appeal had expired by January 27).  UMB Bank attached a proposed corrected notice of appeal to its motion.

MacMillin, however, moved in the bankruptcy court to withdraw this court's referral of UMB Bank's motion to the bankruptcy court.  The parties briefed that issue, and the bankruptcy court issued a report which recommended that this court grant MacMillin's motion to withdraw the reference.  See LR 77.4(e) (referring all motions for withdrawal of reference to the bankruptcy court for a report and recommendation).  UMB Bank filed an objection to that recommendation.

## DISCUSSION

"An appeal from a judgment, order, or decree of a bankruptcy court to a district court . . . may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002."  Fed. R. Bankr. P. 8003(a)(1).  The notice of appeal must do the following:

- conform substantially to the appropriate Official Form;

- be accompanied by the judgment, order, or decree, or the part of it, being appealed; and

- be accompanied by the prescribed fee.

Fed. R. Bankr. P. 8003(a)(3).  "An appellant's failure to take any steps other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or [appellate panel] to act as it considers appropriate, including dismissing the appeal."  Fed. R. Bankr. P. 8003(a)(2).

Consistent with that notion, the Seventh Circuit has held that failure to literally conform to the bankruptcy rule defining what a notice of appeal must contain is not an "unforgivable" jurisdictional defect.  Fadayiro v. Ameriquest Mortg. Co., 371 F.3d 920, 922 (7th Cir. 2004) (addressing prior iteration of the rule and stating that "[i]t does not follow . . . that strict and literal compliance with the rule and the forms should be deemed jurisdictional in the sense that a failure to comply, however innocuous, spells doom for the appeal"); see also Fed. R. Bankr. R. 1001 ("These rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding."); Foman v. Davis, 371 U.S. 178, 181 (1962) (rejecting argument that defective notice of appeal in civil case was ineffective, citing Federal Rule of Civil Procedure 1, and stating that it is "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of . . . mere technicalities").

UMB Bank's failure to attach the bankruptcy court's order to its notice of appeal does not deprive this court of jurisdiction to hear the appeal.  The notice of appeal that was transmitted to this court, doc. no. 1 in Case No. 23-36, was "accompanied by the . . . order . . . being appealed."  Fed. R. Bankr. P. 8003(a)(3).  In other words, this court and all parties received a notice of appeal that complied with Rule 8003(a)(3).  Furthermore, the notice of appeal sufficiently conformed to Rule 8003(a)(3) because it clearly stated the order to be appealed.  See Fed. R. Bankr. P. 8003(a)(2); Fadayiro, 371 F.3d at 922.  The purpose of Rule 8003(a)(3) is to eliminate ambiguity about the subject matter of a bankruptcy court appeal—which is not always clear given the frequency of knotty outgrowths during a bankruptcy's lifespan.  See Fadayiro, 371 F.3d at 922.  Here, there is no doubt about the order UMB Bank intended to appeal.  Thus, the purpose of Rule 8003(a)(3) was met.  The court declines to dismiss this appeal, potentially with the effect of such dismissal being with prejudice, on what amounts to a technicality of no consequence.

MacMillin points to In re Cleveland Imaging and Surgical Hospital, LLC, 26 F.4th 285 (5th Cir. 2022), to support its argument that UMB Bank's failure to attach the challenged order to its notice of appeal kills the appeal before it starts.  In Cleveland Imaging, a district court addressed on appeal two orders issued by the bankruptcy court, but the appellant's notice of appeal had only designated and attached one of the two orders.  26 F.4th at 292-93.  The Fifth Circuit held that the district court lacked jurisdiction to address the order that the appellant neither designated on the notice of appeal nor attached to the notice of appeal.  Id.  By

contrast, here, only one order is involved in this appeal, that order was clearly designated as the subject of the appeal in the notice of appeal, and the notice of appeal received by this court and the parties was accompanied by a copy of that order. Thus, Cleveland Imaging is distinguishable.

However, to remove any doubt, the court will grant MacMillin's motion to withdraw the bankruptcy reference and permit UMB Bank to amend its notice of appeal to cure the supposed defect under Rule 8003(a)(3). Under 28 U.S.C. § 157(a) and Local Rule 77.4, this court refers all bankruptcy cases to the bankruptcy judges for this district. However, the court may withdraw that referral (known as withdrawing the "reference") for any part of any bankruptcy matter "for cause shown." 28 U.S.C. § 157(d). When a bankruptcy court issues a report and recommendation and a party objects, this court reviews it de novo. Cf. LR 77.4(c) (providing for de novo review of bankruptcy court report and recommendations when a bankruptcy judge determines that entry of a final order or judgment would not be consistent with Article III of the United States Constitution).

The court has considered the bankruptcy court's report and recommendation de novo. The court accepts and adopts the bankruptcy court's report and recommendation (Case No. 23-187-LM, doc. no. 1). UMB Bank's objections to the report and recommendation are overruled. The reference of Case No. 21-10523 to the bankruptcy court is withdrawn as to UMB Bank's motion to cure, doc. no. 598 in Case No. 21-10523. The court grants UMB Bank's motion to cure for the reasons stated in the motion. The court deems the proposed amended notice of appeal (doc.

no. 598-1 in Case No. 21-10523), which was attached to UMB Bank's motion, to

have been filed nunc pro tunc on January 27, 2023.  The notice of appeal also

relates back to and has the same effect as the notice of appeal filed on January 18,

2023.  Because the court extends the time to file the notice of appeal under Rule

8002(d)(1)(B), which allows the court to extend the time to file a notice of appeal

upon a showing of "excusable neglect," UMB Bank's amended notice is timely.  The

notice of appeal, as amended, now undoubtedly meets all the requirements of Rule

8003(a)(3).

In sum, UMB Bank's failure to attach a copy of the challenged order to its

notice of appeal does not deprive this court of jurisdiction where the notice of appeal

was unambiguous about the order being appealed and the notice of appeal

transmitted to this court contained a copy of the order.  However, to remove any

doubt, the court finds that withdrawing the bankruptcy reference as to UMB Bank's

motion to cure the notice of appeal is warranted, and the court grants UMB Bank's

motion to cure.

## CONCLUSION

The bankruptcy court's report and recommendation (doc. no. 1, Case No. 23-

cv-187) is accepted and adopted.  The court withdraws the bankruptcy reference as

to UMB Bank's motion to cure (doc. no. 598, Case No. 21-10523).  UMB Bank's

motion to cure (doc. no. 598, Case No. 21-10523) is granted.  And MacMillin's

motion to dismiss (doc. no. 3, Case No. 23-cv-36) UMB Bank's appeal is denied.[2]

This ruling resolves all issues in Case No. 23-187.  The clerk of court shall

close Case No. 23-187.  The issue of UMB Bank's motion to cure is otherwise

remanded to the bankruptcy court, Case No. 21-10523, for any further proceedings,

if any are necessary, to effectuate this order.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 3, 2023

cc:     Counsel of Record

---

[2] Denron Plumbing & HVAC and Wallace Building Products Corporation's motions for joinder in MacMillin's motion to dismiss are granted (doc. nos. 4, 10).